RECEIVED
SEP - 5 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| JAMES CALVIN MITCHELL | CIVIL ACTION NO. 13-1984 |
| versus | JUDGE TOM STAGG |
| CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | MAGISTRATE KAREN L. HAYES |

### MEMORANDUM RULING

Before the court is plaintiff James Calvin Mitchell's ("Mitchell") objections to the Magistrate Judge's Report and Recommendation, recommending that the plaintiff's complaint be dismissed. See Record Documents 15 and 19. The plaintiff objects and requests that the case be remanded to the administrative law judge ("ALJ") for further proceedings. See Record Document 19. Having reviewed the pleadings, the entire record of the proceedings before the Social Security Administration ("SSA"), the Magistrate Judge's Report and Recommendation, and the law, the court **ADOPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation, and **REMANDS** this case to the ALJ for further proceedings.

## I. BACKGROUND

Mitchell filed applications for Title XVI Supplemental Security Income payments and Title II Disability Insurance Benefits on January 14, 2011, and February 3, 2011, respectively. See Record Document 15. Mitchell alleged disability as of September 15, 2010, specifically a bad right knee, a nervous condition, high blood pressure, depression, and anxiety. See id. His claim was denied at the initial stage of the administrative process. On January 12, 2012, Mitchell a hearing was held before an ALJ. The ALJ issued a written decision on May 25, 2012, finding that Mitchell was not disabled, specifically finding that Mitchell was able to return to his past relevant work as a kitchen helper. After his appeal was denied by the Appeals Council, the ALJ's decision became the final decision of the Commissioner. See id. Mitchell sought review before this court by filing the instant complaint, alleging that the ALJ's mental residual functional capacity assessment is not supported by substantial evidence and that the ALJ committed a legal error in its analysis. See Record Documents 1 and 15.

Magistrate Judge Karen Hayes issued a Report and Recommendation on July 23, 2014, recommending that the decision of the Commissioner be affirmed and that Mitchell's claims be dismissed. See Record Document 15. This court agrees with and **ADOPTS** Judge Hayes's characterization of the facts in this case, but, for the

reasons stated herein, the court **ADOPTS IN PART AND REJECTS IN PART** her analysis and recommendation.

## II. LAW AND ANALYSIS

The Commissioner of the SSA has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. The five steps are as follows:

> (1) An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.
> (2) An individual who does not have a "severe impairment" will not be found to be disabled.
> (3) An individual who meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.
> (4) If an individual is capable of performing the work he has done in the past, a finding of "not disabled" will be made.
> (5) If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

Boyd v. Apfel, 239 F.3d 698, 704-05 (5th Cir. 2001)(quoting Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994)). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." See id. at 705 (internal quotations omitted).

As to the first three steps, the ALJ found that Mitchell was not engaging in substantial gainful activity and was suffering several severe impairments, but held

that none were severe enough to consider him disabled without considering vocational factors. At step four, the ALJ found that Mitchell was physically capable of performing medium work, but mentally limited to jobs with a reasoning development level no higher than 2. Ultimately, the ALJ found that Mitchell was capable of returning to his past work as a kitchen helper, as that job is generally performed in the national economy. See Record Document 15. Thus, the ALJ found that Mitchell was not disabled.

Mitchell does not challenge the ALJ's findings as to his physical limitations. See Record Documents 15 and 19. His objections pertain only to the ALJ's consideration of his mental limitations. Specifically, Mitchell argues that the ALJ committed a legal error by failing to explain, as required by SSA regulations, what weight was assigned to the opinion of Thomas Staats, Ph. D. ("Staats"), the only mental health expert to examine Mitchell. Additionally, Mitchell contends that the ALJ's findings failed to incorporate all the limiting effects of his mental impairments, as recognized by the SSA's own experts. See Record Documents 13 and 19. The magistrate judge concedes in her Report and Recommendation that both of Mitchell's arguments are valid, but concludes that these errors were "harmless" and therefore not a basis for remand. See Record Document 15.

This court **DECLINES** to adopt the Report and Recommendation to the extent that it finds these errors were "harmless" and do not merit a remand to the ALJ. The fact that the ALJ stated she assigned great weight to the opinion of William Berzman, Ph. D. ("Berzman"), who relied in part on the examination performed by Staats, does not resolve the ALJ's failure to state what weight she assigned to Staats's opinion. According to SSA regulations, greater weight is generally given to the opinions of persons who have examined the applicant. See 20 C.F.R. § 404.1527(c). The ALJ's failure to state what weight, if any, was given to Staats's opinion precludes Mitchell from being able to effectively appeal the denial of his claim for benefits.

Similarly, it is not a harmless error for the ALJ's analysis to have failed to incorporate all of the mental limitations recognized by both Staats and Berzman, which the magistrate judge recognized undermines the ALJ's finding that Mitchell could return to past relevant work and thus was not disabled. The magistrate judge's reasoning was that Mitchell had evidently had these mental impairments for a long time yet was able to work and there was no evidence that his mental impairments had worsened or were the cause of him stopping working. See Record Document 15. However, the plaintiff is effectively prevented from challenging the factual findings of the ALJ because, as to certain mental limitations, there are no findings from the ALJ. It is thus unclear exactly how the ALJ concluded that Mitchell is mentally

capable of returning to his former employment despite his recognized mental incapacities. Therefore, the court finds that a remand to the ALJ is warranted, and the ALJ should make explicit findings as to the weight given to Staats's opinion and the ALJ's reasoning regarding Mitchell's mental capabilities should incorporate all of his recognized mental limitations.

### III. CONCLUSION

This court agrees with and **ADOPTS** the magistrate judge's characterization of the facts in this case. The court **REJECTS** the analysis and recommendation contained within the Report and Recommendation to the extent that it finds the errors committed by the ALJ were harmless. Instead, based on the foregoing, the case is **REMANDED** to the ALJ for further proceedings consistent with this court's ruling.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 5th day of September, 2014.

JUDGE TOM STAGG